# *EXHIBIT 1*

 CT Corporation

**Service of Process Transmittal**
07/05/2019
CT Log Number 535808092

TO:     MELODY HIBDON
        GEICO Corporation
        14111 DANIELSON ST
        POWAY, CA 92064-6886

RE:     **Process Served in California**

FOR:    GEICO General Insurance Company  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | POONAM SUBBAIAH, an individual, on behalf of herself and all others similarly situated, Pltfs. vs. GEICO GENERAL INSURANCE COMPANY, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Exhibit(s), Cover Sheet, Attachment(s), Notice, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 19STCV23085 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/05/2019 at 14:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Michael Louis Kelly<br>KIRTLAND & PACKARD LLP<br>1638 South Pacific Coast Highway<br>Redondo Beach, CA 90277<br>310-536-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/05/2019, Expected Purge Date: 07/10/2019<br><br>Image SOP<br><br>Email Notification, STEPHEN MOURAD  smourad@geico.com<br><br>Email Notification, MELODY HIBDON  mhibdon@geico.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-5-19

1:15

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GEICO GENERAL INSURANCE COMPANY, an Iowa corporation and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

POONAM SUBBAIAH, an individual, on behalf of herself and all others similarly situated,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 03 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES COUNTY<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):* **19STCV23085** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Louis Kelly, Kirtland & Packard LLP, 1638 S. Pacific Coast Hwy., Redondo Beach CA 90277

| DATE:<br>*(Fecha)* JUL 03 2019 | Sherri R. Carter, Clerk | Clerk, by STEVEN DREW | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Geico General Insurance Company, an Iowa Corporation

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Michael Louis Kelly, State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh, State Bar No. 180361
   bvp@kirtlandpackard.com
3  Joshua A. Fields, State Bar No. 242938
   jf@kirtlandpackard.com
4  Connor M. Karen, State Bar No. 316347
   cmk@kirtlandpackard.com
5  KIRTLAND & PACKARD LLP
   1638 South Pacific Coast Highway
6  Redondo Beach, California  90277
   Tel: (310) 536-1000 / Fax: (310) 536-1001

7  *Counsel for Plaintiff Poonam Subbaiah*
   *and all others similarly situated*

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 03 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11                                              **19STCV23085**

12  POONAM SUBBAIAH, an individual, on behalf    Case No.
    of herself and all others similarly situated,

13                                              **CLASS ACTION**
                Plaintiffs,
14                                              **COMPLAINT FOR:**
                v.
15                                              1. **Violation of California's Unfair**
    GEICO GENERAL INSURANCE COMPANY,               **Competition Law ("UCL"); Bus. &**
16  an Iowa corporation and DOES 1-50, inclusive,   **Prof. Code § 17200 *et seq.***
                                                2. **Violation of California's Consumer**
17              Defendants.                        **Legal Remedies Act ("CLRA"); Cal.**
                                                   **Civil Code §1750 *et seq.***
18                                              3. **Violation of California's False**
                                                   **Advertising Law ("FAL"), Bus & Prof.**
19                                                 **Code § 17500 *et seq.***
                                                4. **Breach of Contract**
20                                              5. **Breach of the Implied Covenant of**
                                                   **Good Faith and Fair Dealing**
21                                                 **(Contractual)**
                                                6. **Breach of the Duty of Good Faith and**
22                                                 **Fair Dealing (Tortious)**

23

24                                              **JURY TRIAL DEMANDED**

25

26

27

28
                                    1
─────────────────────────────────────────────
                      CLASS ACTION COMPLAINT

Plaintiff POONAM SUBBAIAH ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.    This is a class action lawsuit by Plaintiff who was the named insured under a GEICO GENERAL INSURANCE COMPANY (hereinafter referred to as "Defendant" or "GEICO") automobile policy issued for private passenger auto physical damage requiring payment of "Actual Cash Value" ("ACV"), including sales tax, for covered total loss leased vehicles.

2.    The Defendant GEICO's standardized policy language shows that sales tax equal to at least six percent[1] of the cash value of the insured vehicle at the time of loss (the "ACV Sales Tax"), is included in total loss vehicle coverage.

3.    This lawsuit is brought on behalf of Plaintiff POONAM SUBBAIAH and on behalf of similarly situated insureds who have suffered damages due to the Defendant's policy and practice of refusing to pay full ACV Sales Tax, on insured leased vehicles, in the case of total loss, notwithstanding that, as set forth above, the Defendant's standardized policy language provides coverage for said ACV Sales Tax.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over all causes of action asserted herein under the California Constitution.

5.    Venue is proper in this County pursuant to California *Civil Code* § 1780(d) because Defendant does business here.

6.    Venue is proper in this District pursuant to Los Angeles County Superior Court rule 2.3(a)(1)(A) because this is a class action.

## THE PARTIES

7.    At all times material hereto, the Plaintiff POONAM SUBBAIAH, is and was a person residing in Los Angeles County, California.

---

[1] California's sales tax is 6%. In addition, many counties impose a local sales tax of up to 3.5% in addition to the 6% state sales tax.

8.     At all times material hereto, the Defendant GEICO is and was a foreign corporation authorized to transact insurance in the State of California, and one of the largest, if not the largest, motor vehicle insurers in California.

## FACTUAL ALLEGATIONS

9.     At all times material hereto, the Plaintiff SUBBAIAH was a lessee of a 2017 Porsche 911 Carrera.

10.     At all times material hereto, the Plaintiff SUBBAIAH insured the 2017 Porsche 911 Carrera under a California Family Automobile Insurance Policy with GEICO (hereinafter referred to as "GEICO policy") (a copy of said policy is attached hereto as Exhibit A).

11.     On or about December 8, 2018, the Plaintiff SUBBAIAH's leased 2017 Porsche 911 Carrera was stolen. As a result of the theft, SUBBAIAH submitted a claim under the policy with GEICO.

12.     Following the submission of said claim, GEICO determined the 2017 Porsche 911 Carrera was a total loss as a result of the theft. GEICO then agreed to an ACV payment of $87,345, comprised of the payoff amount to the lienholder minus the $500 GEICO policy deductible and the remaining amount of $17,211.26 to POONAM SUBBAIAH.

13.     However, in paying the aforementioned amount, GEICO indicated that because the vehicle was leased and not owned by Plaintiff SUBBAIAH, no ACV Sales Tax was owed under the policy, according to GEICO, and GEICO paid no such ACV Sales Tax to Plaintiff SUBBAIAH in response to her claim.

## THE GEICO POLICY

14.     The GEICO policy, under Section III, entitled PHYSICAL DAMAGE COVERAGES (page 8 on Form A-30CA (10-98)), states:

**LOSSES WE WILL PAY**
*

***Comprehensive*** **(Excluding Collision)**
1.     We will pay for each ***loss***, less the applicable deductible, caused other than by ***collision*** to the ***owned*** or ***non-owned auto***. This includes [ . . .] ***loss*** caused by:

[. . .]

(e) theft;

[. . .]

*Collision*

    1.    We will pay for *collision loss* to the *owned auto* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

15.    The GEICO policy, in Section III, under the provision entitled **LIMIT OF LIABILITY**, (page 9 of Form A-30CA (10-98)), states:

    The limit of liability for our *loss*:
    1.    Is the *actual cash value* of the property at the time of the *loss*.

16.    Finally, the **DEFINITIONS** provision of the GEICO policy (page 7 of Form A-30CA (10-98)), states:

    1.    *Actual cash value* is the replacement cost of the auto or property less *depreciation* or *betterment*.

17.    Clearly, the GEICO policy language does not include: (1) any provision excluding sales tax from ACV; (2) any provision deferring payment of the ACV Sales Tax for any purpose whatsoever; (3) any provision requiring an insured to lease a replacement vehicle; (4) any provision requiring the insured to first lease a replacement vehicle as a condition precedent to receiving ACV Sales Tax; and (5) any provision linking the amount of ACV Sales Tax to the lease of a replacement vehicle and the corresponding sales tax on said replacement vehicle.

18.    Moreover, the *California Code of Regulations* specifically provides the following:
    (b) In evaluating automobile total loss claims the following standards shall apply:

    (1) The insurer may elect a cash settlement that shall be based upon the actual cost of a "comparable automobile" less any deductible provided in the policy. **This cash settlement amount shall include all applicable taxes and one-time fees incident to transfer of evidence of ownership of a comparable automobile. This amount shall also include the license fee and other annual fees to be computed based upon the**

**remaining term of the loss vehicle's current registration.** This
procedure shall apply whether or not a replacement vehicle is purchased.

Cal. Code Regs. tit. 10, § 2695.8 (emphasis added).

## CLASS DEFINITION AND CLASS ALLEGATIONS

19.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated as members of the class (collectively referred to hereinafter as the "Class") defined as follows:

> Class: All insureds, under a policy issued by GEICO in California, covering a leased vehicle, who sustained a total loss to said vehicle within four years prior to the date on which this lawsuit was filed until the date of any certification order, and who received payment from GEICO for said loss, which payment did not include ACV Sales Tax for the loss of said vehicle.

20.     **Numerosity:** The proposed classes are so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and the commerce involved, Plaintiff believes the total number of class members is in the thousands, if not tens of thousands, and that members of the Class are numerous. While the exact number and identities of all Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

21.     **Common Questions of Law and Fact Predominate:** There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. The common questions of law and fact include, but are not limited to, the following:

        i.  Whether Defendant entered into valid contracts with Plaintiff and members of the putative classes;

        ii.  Whether the relevant GEICO policies provide for payment of ACV Sales Tax in the event of a total loss of an insured's lease vehicle;

        iii.  Whether Defendant engaged in unlawful, unfair or fraudulent business practices;

iv.   Whether Defendant represented its insurance policy insured customers against total vehicle losses for their leased vehicles pursuant to the terms of the policy;

v.   Whether Defendant breached the contracts when it failed to pay ACV Sales Tax upon the total loss of insured leased vehicles; and

vi.   The nature and extent of damages and other remedies to which the conduct of Defendant entitles class members.

22.   These common questions of law and fact predominate over questions that may affect individual class members in that the claims of all Class members for each of the claims herein can be established with common proof. Additionally, a class action would be "superior to other methods for the fair and efficient adjudication of the controversy" because: (1) Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant individual filings; (2) Plaintiff is not aware of other lawsuits against Defendant commenced by or on behalf of members of the Class; and (3) the conduct alleged is common to all Class members and because resolution of the claims of Plaintiff will resolve the claims of the remaining Class, certification does not pose any manageability problems.

23.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's conduct as they all suffered total losses of their insured leased vehicles and did not receive ACV Sales Tax from Defendant for their total loss claims.

24. **Adequacy of representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.   Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

25.   **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant

6

1  individual filings.  In sum, for many, if not most, Class members, a class action is the only feasible

2  mechanism that will allow them an opportunity for legal redress and justice.

3      26.    Adjudication of individual Class members' claims with respect to Defendant would, as

4  a practical matter, be dispositive of the interests of other members not parties to the adjudication, and

5  could substantially impair or impede the ability of other Class members to protect their interests.

6                              **FIRST CAUSE OF ACTION**

7                     *Business & Professions Code § 17200 et seq.*

8                        **(Violation of Unfair Competition Law)**

9             **(By Plaintiff and the Class against Defendant GEICO and Does 1-50)**

10     27.    Plaintiff and the Class restate and incorporate by reference each and every allegation

11  contained in paragraphs 1-26 as though fully set forth herein.

12     28.    California *Business & Professions Code* § 17200 *et seq.* (hereafter referred to as the

13  "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair

14  competition," which include any unlawful, unfair, or fraudulent business practice.

15     29.    The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally

16  or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices

17  occurred.

18     30.    GEICO's practice of excluding ACV Sales Tax from the payment to their insureds for

19  the total losses of insured leased vehicles under GEICO's policy is an unlawful, unfair, and fraudulent

20  business practice prohibited by the UCL.

21     31.    In carrying out its failure to include ACV Sales Tax in payments to GEICO's insureds

22  for the total losses of insured leased vehicles under GEICO's policy Plaintiff and the putative class

23  members obtained, Defendant has violated the Consumer Legal Remedies Act, the False Advertising

24  Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business

25  practices alleged herein, therefore, are unlawful within the meaning of the UCL.

26     32.    The harm to Plaintiff and members of the public outweighs the utility of Defendant's

27  practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair

28  business act or practice within the meaning of the UCL.

                              CLASS ACTION COMPLAINT

33.    Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

34.    Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

35.    Pursuant to *Business and Professions Code* §.17204, an action for unfair competition may be brought by any "person ... who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's misleading business practice – promising through its GEICO policy to pay sales tax on the ACV of a comparable automobile as part of the payment for a total loss of an insured leased vehicle, but then withholding said payment when the insureds suffer total losses of insured leased vehicles – directly and seriously injured Plaintiff and the putative Class who were thus deprived of reimbursement for ACV Sales Tax under GEICO's policy.

36.    The unlawful, unfair and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into believing, if they obtain GEICO's policy, they will have the right to receive payment for ACV Sales Tax in the event of total losses of their insured leased vehicles but, like Plaintiff, will be deprived of that right and damaged financially.

37.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair business practice, as well as disgorgement and restitution to Plaintiff and the Class of all the money Defendant wrongfully obtained associated with its unfair business practice, or such portion of those revenues as the Court may deem equitable.

## SECOND CAUSE OF ACTION

### *Civil Code* § 1750 *et seq.*

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against GEICO and Does 1-50)

38.    Plaintiff and the Class restate and incorporate by reference each and every allegation contained in paragraphs 1-37 as though fully set forth herein.

39. The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay,* 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civ. Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

40. More specifically, Plaintiff alleges that Defendant has violated paragraphs 4, 9, and 14 of *Civil Code* Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in representing in its automobile insurance policies that it will pay ACV Sales Tax to its insureds who suffer total losses of their insured leased vehicles, but thereafter refusing to do so, resulted in numerous individuals, including Plaintiff, being deprived of ACV Sales Tax they were entitled to as part of their payment from GEICO for their total losses of insured leased vehicles.

41. As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all individuals who were deprived of ACV Sales Tax associated with the total losses of their insured leased vehicles have suffered damage in that their total loss payment from GEICO was less than the amount to which they were entitled. Defendant misrepresented that the transaction for purchase of its California Family Automobile Insurance Policies conferred rights to Plaintiff and the Class which according to GEICO it did not. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

42. Pursuant to section 1782 of the CLRA, Plaintiff has notified Defendant in writing of the particular violations of Section 1770 of the CLRA Plaintiff alleges Defendant committed. In response, GEICO has not agreed to provide Plaintiff and putative Class members the monetary compensation Plaintiff demanded.

## THIRD CAUSE OF ACTION

### *Business & Professions Code § 17500, et seq.*

### (Violation of the False Advertising Law)

**(By Plaintiff and the Class Against GEICO and Docs 1-50)**

43. Plaintiff and the Class restate and incorporate by reference each and every allegation contained in paragraphs 1-42 as if fully set forth herein.

44. California *Business & Professions Code* § 17500 provides that "[I]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever … any statement … which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading…".

45. Defendant misled consumers by indicating the automobile insurance policies they obtained would provide for payment of ACV Sales Tax in the event of total losses of insured leased vehicles, where GEICO had no actual intention of paying ACV Sales Tax in the event of total losses of insured leased vehicles.

46. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money/property.

47. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

**(By Plaintiff and the Class Against GEICO and Does 1-50)**

48. Plaintiff and the Class restate and incorporate by reference each and every allegation contained in paragraphs 1-47 of this Complaint as though fully set forth herein.

49. Plaintiff and putative Class members entered into insurance contracts with GEICO, in which GEICO agreed to provide automobile insurance, and to reimburse policyholders for ACV Sales Tax in the event of a total loss of an insured leased vehicle.

50.     Plaintiff and the putative Class members performed all material terms required by the contracts in that they made monthly payments on the contracts for automobile insurance with GEICO.

51.     GEICO breached the contracts with Plaintiff and putative Class members when it refused to make payment for ACV Sales Tax in response to claims made after events resulting in total vehicle loss determinations by GEICO.

52.     As a result of the foregoing, Plaintiff and the putative Class have been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing (Contractual))

### (By Plaintiff and the Class Against GEICO and Does 1-50)

53.     Plaintiff and the Class restate and incorporate by reference each and every allegation contained in paragraphs 1-52 of this Complaint as though fully set forth herein.

54.     The GEICO policy is a binding and enforceable contract.

55.     The GEICO policy includes an implied covenant that GEICO will act in good faith and deal fairly with Plaintiff and members of the Class.

56.     The GEICO policy provides GEICO will pay ACV to insureds for total loss vehicles, which includes replacement costs such as sales tax, as also required by California law.  Additionally, the GEICO policy does not distinguish between the ACV and replacement costs owed for owned, financed, or leased vehicles, and provides no notice to insureds, such as Plaintiff and the Class, that their vehicles will be valued differently based on whether they were leased or otherwise.  Instead, the GEICO policy provides the opposite, in that owned, financed, or leased vehicles are all "insured auto[s]" under the GEICO policy.

57.     GEICO breached the implied covenant of good faith and fair dealing in the performance of the contracts by refusing to pay Plaintiff and members of the Class any sales tax as part of the claim made, because the total loss vehicles were leased and not owned.

58.     As a result of the foregoing, and as a direct and proximate result of GEICO's breach, Plaintiff and Class members sustained damages.  They did not receive benefits owed under the GEICO policy.

59.    Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Breach of the Duty of Good Faith and Fair Dealing (Tortious))

### (By Plaintiff and the Class Against GEICO and Does 1-50)

60.    Plaintiff and the Class restate and incorporate by reference each and every allegation contained in paragraphs 1-59 of this Complaint as though fully set forth herein.

61.    The GEICO policy is a binding and enforceable insurance contract.

62.    The GEICO policy includes a duty that GEICO as an insurer will act in good faith and deal fairly with Plaintiff and members of the Class, and GEICO owed such a duty to Plaintiff and members of the Class.

63.    The GEICO policy provides GEICO will pay ACV to insureds for total loss vehicles, which includes replacement costs such as sales tax, as also required by California law. Additionally, the GEICO policy does not distinguish between the ACV and replacement costs owed for owned, financed, or leased vehicles, and provides no notice to insureds, such as Plaintiff and the Class, that their vehicles will be valued differently based on whether they were leased or otherwise. Instead, the GEICO policy provides the opposite, in that owned, financed, or leased vehicles are all "insured auto[s]" under the GEICO policy.

64.    GEICO breached the duty of good faith and fair dealing in the performance of the insurance contracts by refusing to pay Plaintiff and members of the Class any sales tax as part of the claim made, because the total loss vehicles were leased and not owned. GEICO's withholding of benefits under the policy was unreasonable and/or without proper cause.

65.    As a direct and proximate cause of GEICO's breach, Plaintiff and Class members sustained damages. They did not receive benefits owed under the GEICO policy.

66.    Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

67.   Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, deliberately, and with intent, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For certification of the putative Class;

2. For restitution and disgorgement of all money and property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair and fraudulent business practices;

3. For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and fraudulent business practices;

4. An award of general damages according to proof;

5. An award of special damages according to proof;

6. Punitive and/or exemplary damages in light of Defendant's fraud, malice, and conscious disregard for the rights of Plaintiff and putative class members;

7. Injunctive relief;

8. For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA and the common law private attorney general doctrine;

9. For costs of suit;

10. For such other and further relief as the court deems just and proper.

DATED: June 28, 2019                          **KIRTLAND & PACKARD, LLP**

                                        By: _____
                                              **MICHAEL LOUIS KELLY**
                                              **BEHRAM V. PAREKH**
                                              **JOSHUA A. FIELDS**
                                              **CONNOR M. KAREN**

                                              *Counsel for Plaintiff Poonam Subbaiah and*
                                              *all others similarly situated*

13

1

## DEMAND FOR JURY TRIAL

2        Plaintiff POONAM SUBBAIAH hereby demands a jury trial.

3

DATED:  June 28, 2019                    **KIRTLAND & PACKARD, LLP**

4

5                                        By:
                                            MICHAEL LOUIS KELLY
6                                            BEHRAM V. PAREKH
                                             JOSHUA A. FIELDS
7                                            CONNOR M. KAREN

8                                            *Counsel for Plaintiff Poonam Subbaiah and
                                             all others similarly situated*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

· 14 ·

CLASS ACTION COMPLAINT

# EXHIBIT A

# GEICO

**ONE GEICO PLAZA**
Washington, D. C.  20076-0001
Telephone: 1-800-841-3000



# Your California Family Automobile Insurance Policy

**GEICO GENERAL INSURANCE COMPANY**

A-30CA (10-88)

# POLICY INDEX

**Page**

### SECTION I - LIABILITY COVERAGES
**Your Protection Against Claims From Others**
Definitions...........................................................3
Losses We Will Pay For You................................3
Additional Payment We Will Make Under The
   Liability Coverages.......................................3
     Legal Expenses And Court Costs
     Bail And Appeal Bonds
     First Aid Expenses
Exclusions............................................................4
Persons Insured...................................................4
Financial Responsibility Laws ............................5
Out of State Insurance........................................5
Limits Of Liability ...............................................5
Other Insurance...................................................5
Conditions............................................................5
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Subrogation

### SECTION II - AUTO MEDICAL PAYMENTS COVERAGE
**Protection For You And Your Passenger For Medical Expenses**
Definitions............................................................6
Payments We Will Make......................................6
Exclusions............................................................6
Limit Of Liability .................................................6
Other Insurance...................................................7
Conditions............................................................7
    Notice
    Two Or More Autos
    Action Against Us
    Medical Reports -  Proof And Payment Of Claims
    Subrogation

### SECTION III - PHYSICAL DAMAGE COVERAGES
**Your Protection For Loss Of Or Damage To Your Car**
Definitions............................................................7
Losses We Will Pay For You
    Comprehensive (Excluding Collision) Coverage....8
    Collision Coverage........................................8
Additional Payments We Will Make Under
   The Physical Damage Coverages.......................8
Exclusions............................................................9
Limit Of Liability .................................................9
Other Insurance...................................................9

**Page**

Conditions............................................................10
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Insured's Duties In Event Of Loss
    Appraisal
    Payment Of Loss
    No Benefit To Bailee
    Subrogation

### SECTION IV - UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE
**Your Protection For Injuries Caused By Uninsured And Hit-and-Run Motorists**
Definitions............................................................11
Losses We Pay.....................................................12
Exclusions............................................................12
Limits Of Liability ...............................................12
Other Insurance...................................................13
Disputes Between Us And Insured.....................13
Trust Agreement..................................................13
Conditions............................................................13
    Notice
    Assistance And Cooperation Of The Insured
    Claims Not Settled Within One Year of Date of
     Accident
    Proof Of Claim - Medical Reports
    Payment Of Loss

### SECTION V - GENERAL CONDITIONS
**The Following Apply To All Coverages In This Policy**
Territory - Policy Period......................................14
Premium...............................................................14
Changes...............................................................14
Assignment..........................................................14
Cancellation By The Insured...............................14
Cancellation By Us..............................................14
Cancellation By Us Is Limited............................14
Renewal................................................................15
Other Insurance...................................................15
Disposal Of Vehicle.............................................15
Dividend Provision ..............................................15
Declarations.........................................................15
Fraud and Misrepresentation..............................15
Examination Under Oath......................................16
Terms Of Policy Conformed To Statutes............16

### SECTION VI - AMENDMENTS AND ENDORSEMENTS
Special Endorsement - United States Government
    Employees......................................................16

Whenever "he," "his," "him," or "himself" appears in this policy, you may read "she," "her," "hers "or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with *you,* the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

### SECTION I - LIABILITY COVERAGES

### BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY COVERAGES
### Your Protection Against Claims From Others

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

**1.** *"Auto business"* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

**2.** *"Bodily injury"* means bodily injury to a person, including resulting sickness, disease or death.

**3.** *"Farm auto"* means a truck type vehicle with a load capacity of 2,000 pounds or less, not used for commercial purposes other than farming.

**4.** *"Insured"* means a person or organization described under **"PERSONS INSURED"**.

**5.** *"Non-owned auto"* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative,* other than a *temporary substitute auto.* An auto rented or leased for more than 30 days will be considered as furnished for regular use.

**6.** *"Owned auto"* means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;

    (b) a *trailer* owned by *you;*

    (c) a *private passenger, farm* or *utility auto,* ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for six months or more, if:

        (i) it replaces an *owned auto* as defined in (a) above; or

        (ii) we insure all *private passenger, farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;

    (d) a *temporary substitute auto.*

**7.** *"Private passenger auto"* means a four-wheel private passenger, station wagon or jeep-type auto.

**8.** *"Relative"* means a person related to *you* who resides in *your* household.

**9.** *"Temporary substitute auto"* means an automobile or *trailer,* not owned by *you,* temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

**10.** *"Trailer"* means a trailer designed to be towed by a *private passenger auto,* if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto.*

**11.** *"Utility auto"* means a vehicle, other than a *farm auto,* with a load capacity of 2,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

**12.** *"War"* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

**13.** *"You"* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR *YOU*

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

**1.** *bodily injury,* sustained by a person, and

**2.** damage to or destruction of property,

arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto.* We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

**1.** All investigative and legal costs incurred by us.

**2.** All court costs charged to an *insured* in a covered lawsuit.

3.   All interest accruing on that amount of a judgment which represents our limit of liability, until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.

4.   Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5.   Premiums for bail bonds paid for an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

6.   Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

7.   Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

8.   All reasonable costs, incurred by an *insured* at our request.

## EXCLUSIONS
### When Section I Does Not Apply

We will not pay damages if any one of the following exclusions 1. through 13. applies.

We will neither pay damages nor defend any suit for damages if one or more of exclusions 1., 2., 3., 4., 5., 6., or 10. applies.

1.   *Bodily injury* to any *insured* is not covered nor is *bodily injury* to any *insured* covered whenever the ultimate benefits of indemnification accrue directly or indirectly to an *insured*. This exclusion also applies to any designated excluded driver who would have otherwise been included in the policy definition of an *insured*.

2.   Section I does not apply to any vehicle used to carry passengers or goods for hire.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

3.   *Bodily injury* or property damage caused intentionally by or at the direction of any *insured* is not covered.

4.   We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

5.   *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

6.   *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by any *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' compensation law.

7.   We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available.  We will defend *you* if a suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

8.   We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.

9.   A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

10.  We do not cover damage to property owned, rented to, transported by, or in the charge of, an *insured*, including motor vehicles operated by an *insured*.

11.  We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

12   We do not cover:

(a)  the United States of America, or any of its agencies;

(b)  any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

13.  Section I does not apply to any vehicle while being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

## PERSONS INSURED
### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto*:

1.   *you* and *your relatives*;

2.   any other person using the auto with *your* permission.  The actual use must be within the scope of that permission;

3.   any other person or organization for his or its liability because of acts or omissions of any *insured* under 1. or 2. above.

Section I applies to the following with regard to a *non-owned auto*:

**1.**  a)  *you*;
  b)  *your relatives* when using a *private passenger, farm* or *utility auto* or *trailer*.

Such use must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

**2.**  a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

**1.**  The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

**2.**  The limit of bodily injury liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

**3.**  The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons

or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

**1.  NOTICE**

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

(a)  the identity of the *insured*;
(b)  the time, place and details of the occurrence;
(c)  the names and addresses of the injured, and of any witnesses; and
(d)  the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

**2.  TWO OR MORE AUTOS**

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

**3.  ASSISTANCE AND COOPERATION OF THE INSURED**

The *insured* will cooperate and assist us, if requested:

(a)  in the investigation of the occurrence;
(b)  in making settlements;
(c)  in the conduct of suits;
(d)  in enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;
(e)  at trials and hearings;
(f)  in securing and giving evidence; and
(g)  by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

**4.  ACTION AGAINST US**

No suit will lie against us:

(a) unless the *insured* has fully complied with all the policy's terms and conditions, and

(b) until the amount of the *insured's* obligation to pay has been finally determined, either

   (i) by a final judgment against the *insured* after actual trial; or

   (ii) by written agreement of the *insured,* the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured,* has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

**5.  SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

**SECTION II - AUTO MEDICAL PAYMENTS Protection For *You* And *Your* Passengers For Medical Expenses**

**DEFINITIONS**

The definitions of terms shown under Section I apply to this Coverage. In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from.

**PAYMENTS WE WILL MAKE**

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This Coverage applies to:

**1.** *you* and each *relative* who sustains *bodily injury* caused by accident:

   (a) while *occupying* the *owned auto*; or

   (b) while *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

   (c) when struck as a pedestrian by an auto or *trailer*.

**2.** any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you,* a resident of *your* household, or other persons with *your* permission.

**EXCLUSIONS When Section II Does Not Apply**

**1.** There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2** – There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

**3.** *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

   (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

   (b) a vehicle operated on rails or crawler-treads.

**4.** There is no coverage for persons employed in the *auto* business, if the accident arises out of that business and if benefits are required to be provided under a worker's compensation law.

**5.** There is no coverage for *bodily injury* sustained due to war.

**6.** The United States of America or any of its agencies are not covered as an *insured,* a third party beneficiary, or otherwise.

**7.** There is no coverage for any person who sustains *bodily injury* while *occupying* an auto being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

**LIMIT OF LIABILITY**

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

## OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this Coverage:

### 1. NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

    (a) the identity of the *insured*;
    (b) the time, place and details of the accident; and
    (c) the names and addresses of the injured, and of any witnesses.

### 2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

### 3. ACTION AGAINST US

Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

### 4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

### 5. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION III - PHYSICAL DAMAGE COVERAGES
### *Your* Protection For *Loss* Or Damage To *Your* Car

### DEFINITIONS

The definitions of terms *"auto business," "farm auto," "private passenger auto," "relative," "temporary substitute auto," "utility auto," "you,"* and *"war"* under Section I apply to Section III also. Under this Section, the following special definitions apply:

1. *"Actual cash value"* is the replacement cost of the auto or property less *depreciation* or *betterment*.

2. *"Betterment"* is improvement of the auto or property to a value greater than its pre-loss condition.

3. *"Collision"* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

4. *"Depreciation"* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

5. *"insured"* means:

    (a) regarding the *owned auto*:

        (i) *you* and *your relatives*;
        (ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

    (b) regarding a *non-owned auto*:

        *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

6. *"Loss"* means direct and accidental loss of or damage to:

    (a) an insured auto, including its equipment; or
    (b) other property insured under this Section.

7.   **"Non-owned auto"** means a **private passenger, farm** or **utility auto** or **trailer** not owned by or furnished for the regular use of either **you** or **your relatives**, except a **temporary substitute auto. You** or **your relative** must be using the auto or **trailer** within the scope of permission given by its owner.  An auto rented or leased for more than 30 days will be considered as furnished for regular use.

8. **"Owned auto"** means:

   (a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

   (b) a **private passenger, farm** or **utility auto** or a **trailer**, ownership of which is acquired by **you** during the policy period or for which **you** enter into a lease during the policy period for six months or more; if

   (i) it replaces an **owned auto** as described in (a) above, or

   (ii) we insure all **private passenger, farm, utility autos** and **trailers** owned or leased by **you** on the date of such acquisition and **you** request us to add it to the policy within 30 days afterward;

   (c) a **temporary substitute auto.**

9.   **"Trailer"** means a trailer designed for use with a **private passenger auto** and not used as a home, office, store, display or passenger trailer.

### LOSSES WE WILL PAY FOR YOU

### Comprehensive (Excluding Collision)

1.   We will pay for each **loss**, less the applicable deductible, caused other than by **collision** to the **owned** or **non-owned auto**. This includes glass breakage and **loss** caused by:

   (a) missiles;
   (b) falling objects;
   (c) fire;
   (d) lightning;
   (e) theft;
   (f) larceny;
   (g) explosion;
   (h) earthquake;
   (i) windstorm;
   (j) hail;
   (k) water;
   (l) flood;
   (m) malicious mischief;
   (n) vandalism;
   (o) riot;
   (p) civil commotion; or
   (q) colliding with a bird or animal.

   No deductible will apply to **loss** caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

   At the option of the **insured**, breakage of glass caused by **collision** may be paid under the Collision Coverage, if included in the policy.

2.   We will pay, up to $200 per occurrence, less the applicable deductible, for **loss** to personal effects, due to:

   (a) fire;
   (b) lightning;
   (c) flood;
   (d) theft of the entire automobile;
   (e) earthquake;
   (f) explosion; or
   (g) falling objects.

   No deductible will apply to **loss** from fire or lightning.

   The property must be owned by **you** or a **relative** and must be in or upon an **owned auto**.

3.   **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

1.   We will pay for **collision loss** to the **owned auto** or **non-owned auto** for the amount of each **loss** less the applicable deductible.

2.   We will pay up to $200 per occurrence, less the applicable deductible, for **loss** to personal effects due to a **collision**.  The property must be owned by **you** or a **relative**, and must be in or upon an **owned auto**.

3.   **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1.   We will reimburse the **insured** for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the **loss**.

   Reimbursement will not exceed $25.00 per day nor $750.00 per **loss**.

2.   We will pay general average and salvage charges for which the **insured** becomes legally liable when the auto is being transported.

3.   We will pay for **loss** of the following equipment (including **loss** to accessories and antennas):

   (a) car phone;
   (b) citizen's band radio;
   (c) two-way mobile radio;
   (d) device designed for the recording and/or reproduction of sound.

   We will pay only if the equipment at the time of a **loss**:

   (a) is permanently installed in or upon an **owned auto**; and

(b)  that vehicle is insured under the appropriate coverage.

**EXCLUSIONS**
**When The Physical Damage Coverages Do Not Apply**

**1.**  An auto used to carry passengers or goods for hire is not covered.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.**  *Loss* due to *war* is not covered.

**3.**  We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

**4.**  There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

**5.**  Tires, when they alone are damaged by *collision*, are not covered.

**6.**  *Loss* due to radioactivity is not covered.

**7.**  *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

**8.**  We do not cover *loss* to any radar detector.

**9.**  We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos*.

**10.**  There is no coverage for a *loss* to an auto while being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

**LIMIT OF LIABILITY**

The limit of our liability for *loss*:

**1.**  is the *actual cash value* of the property at the time of the *loss*;

**2.**  will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss*;

**3.**  to personal effects arising out of one occurrence is $200;

**4.**  to a *trailer* not owned by *you* is $500;

**5.**  for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* of the property.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply only to the Physical Damage Coverages:

**1.  NOTICE**

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a)  the identity of the *insured*;
(b)  a description of the auto or *trailer*;
(c)  the time, place and details of the *loss*; and
(d)  the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

**2.  TWO OR MORE AUTOS**

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

**3.  ASSISTANCE AND COOPERATION OF THE INSURED**

The *insured* will cooperate and assist us, if requested:

(a)  in the investigation of the *loss*;
(b)  in making settlements;
(c)  in the conduct of suits;
(d)  in enforcing any right of subrogation against any legally responsible person or organization;
(e)  at trials and hearings;
(f)  in securing and giving evidence; and
(g)  by obtaining the attendance of witnesses.

**4.  ACTION AGAINST US**

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and until the amount of *loss* is determined.

**5.  INSURED'S DUTIES IN EVENT OF LOSS**

In event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy.  Further *loss* due to the *insured's* failure to protect the auto will not be covered.  Reasonable expenses incurred for this protection will be paid by us.

(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.

(c) At our request, the *insured* will exhibit the damaged property.

**6.  APPRAISAL**

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*.  In that event, we and the *insured* will each select a competent appraiser.  The appraisers will select a competent and disinterested umpire.  The appraisers will state separately the *actual cash value* and the amount of the *loss*.  If they fail to agree, they will submit the dispute to the umpire.  An award in writing of any two will determine the amount of *loss*.  We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

**7. PAYMENT OF LOSS**

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage.  We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us.  We may settle claims for *loss* either with the *insured* or the owner of the property.

**8.  NO BENEFIT TO BAILEE**

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

**9.  SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others.  The *insured* will help us to enforce these rights.  The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

**SECTION IV - UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE**

**Protection for You and Your Passengers For Injuries Caused by Uninsured/Underinsured and Hit-and-Run Motorists.**

**This Section applies only if a premium amount is shown on the Policy Declarations for "UM & Underinsured Motorist" Coverage.**

**DEFINITIONS**

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

**1.  "Hit-and-run motor vehicle"** is a motor vehicle causing *bodily injury* to an *insured* through physical contact with him or with an auto he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:

(a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;

(b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and

(c) makes available for inspection, at our request, the auto occupied by the *insured* at the time of the accident.

**2.  "insured"** means:

(a) the individual named in the declarations and his or her spouse;

(b) *relatives* of (a) above if residents of his household;

(c) any other person while *occupying* an *owned auto*;

(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

**3.  "insured auto"** is an auto:

(a) described in the declarations and covered by the bodily injury liability coverage of this policy.

(b) temporarily substituted for an insured auto when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(c) operated by *you* or *your* spouse if a resident of the same household.

But the term *"insured auto"* does not include:

(i) an auto used to carry passengers or goods for hire except in a car pool;

(ii) an auto being used without the owner's permission; or

(iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of any *insured.*

**4.** *"Occupying"* means in, upon, entering into or alighting from.

**5.** *"State"* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

**6.** *"Underinsured motor vehicle"* is a motor vehicle that is insured under a motor vehicle liability policy, or automobile liability insurance policy, self-insured, or for which a cash deposit or bond has been posted to satisfy a financial responsibility law, but insured for an amount that is less than the uninsured motorist limits carried on the motor vehicle of the injured person.

The term *"underinsured motor vehicle"* does not include:

(a) an *insured auto;*

(b) a motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) a motor vehicle owned by the United States of America, and other national government, a *state,* or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or *trailer* while located for use as a residence or premises and not as a vehicle; or

(e) any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads;

(f) any motor vehicle owned or operated by the named insured or any resident of *your* household.

**7.** *"Uninsured motor vehicle"* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the *state* in which the *insured motor vehicle* is principally garaged at the time of an accident. This term also includes a motor vehicle whose insurer is or becomes insolvent or denies coverage or an *underinsured motor vehicle.*

The term *"uninsured motor vehicle"* does not include:

(a) an *insured auto;*

(b) a motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) a motor vehicle owned by the United States of America, any other national government, a *state,* or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or *trailer* while located for use as a residence or premises and not as a vehicle;

(e) any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads; or

(f) any motor vehicle owned or operated by the named insured or any resident of *your* household.

**LOSSES WE PAY**

Under this coverage, we will pay damages for *bodily injury* to an *insured,* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle,* *underinsured motor vehicle* or a *hit-and-run motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute will be arbitrated if an agreement cannot be reached.

**EXCLUSIONS**
**When Section IV Does Not Apply**

**1.** This Coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

**2.** *Bodily injury* to an *insured* while *occupying* or through being struck by an *uninsured* or *underinsured motor vehicle* owned or operated by an *insured* or a *relative* is not covered.

**3.** This coverage will not benefit directly or indirectly any workers' compensation insurer, self insurer or disability benefits insurer or directly benefit the United States, or any state or political subdivision thereof.

**4.** We do not cover the United States of America or any of its agencies as an *insured,* a third party beneficiary or otherwise.

**5.** We do not cover any person while *occupying* a vehicle described in the declarations on which Uninsured/Underinsured Motorists Coverage is not carried.

**6.** Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

A-30CA (10-98) Page 11 of 16

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

**1.** The limit of liability for Uninsured and Underinsured Motorists Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

**2.** The limit of liability for Uninsured and Underinsured Motorists Coverage stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident.

***3.*** When *bodily injury* is caused by one or more motor vehicles under this coverage, our maximum liability for providing underinsured motorists coverage shall not exceed the *insured's* Underinsured Motorists Coverage limits, less the amount paid to the *insured* by or for any person or organization that may be held legally liable for the injury.

**4.** Underinsured Motorists Coverage does not apply to any *bodily injury* until the limits of bodily injury liability policies applicable to all *insured autos* causing the injury have been exhausted by payment of judgments or settlements, and proof of such is submitted to us.

**5.** When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this Coverage will be reduced by all amounts:

   (a) paid by or for all persons or organizations liable for the injury;

   (b) paid or payable under the Bodily Injury Coverage or Medical Payments Coverage of this policy; or

   (c) paid or payable under any workers' compensation law, disability benefits law or any similar law, exclusive of non-occupational disability benefits.

## OTHER INSURANCE

When an *insured occupies* a motor vehicle other than an *owned auto*, this Coverage shall not apply if the owner of that vehicle has insurance similar to that provided under this Coverage.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

## DISPUTES BETWEEN US AND AN *INSURED*

If any *insured* making claim under this policy and we do not agree that he is legally entitled to recover damages under this Coverage from the owner or operator of an *uninsured/underinsured motor vehicle* because of *bodily injury* to the *insured*, or do not agree as to the amount payable, either party will have the right to demand arbitration.

The matter(s) in dispute shall then be settled according to American Arbitration Association rules. One neutral arbitrator will conduct the arbitration.

Judgment on the arbitrator's award may be entered in a court having jurisdiction. The award or judgment confirming the award shall not be conclusive on any party in any action between:

   (a) any *insured*, his insurer, his legal representative or his heirs, and

   (b) the uninsured/underinsured motorist,

to recover damages arising out of the accident upon which the award is based. The parties may agree to be bound by the arbitrators award.

If any *insured* has or may have a right to benefits under any workers' compensation law (except for non-occupational disability benefits), the arbitration will be stopped until the *insured's* physical condition is stationary and ratable. If the *insured* claims a permanent disability, that claim shall, unless good cause is shown, be settled by judicial award or compromise and release before arbitration may go on.

Any demand for arbitration shall contain a statement, under penalty of perjury, stating whether:

   (a) the *insured* has a workers' compensation claim;

   (b) that there has been an award or settlement on the case on all issues reasonably contemplated to arise in that claim; and

   (c) if not, what good cause reasons exist for the arbitration to go on immediately.

## TRUST AGREEMENT

When we make a payment under this Coverage:

**1.** We will be entitled to repayment of that amount out of any settlement or judgment any *insured* recovers

from any person or organization legally responsible for the **bodily injury** or the insurer of such person or organization.

2. Any **insured** claiming benefits will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

3. At our written request, any **insured** claiming benefits, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. That **insured** will pay us out of the recovery for our expenses, costs and attorneys' fees.

4. Any **insured** claiming benefits will execute and furnish us with any needed documents to secure his and our rights and obligations.

## CONDITIONS

The following Conditions apply only to the Uninsured Motorists Coverage:

### 1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

    (a) the identity of the **insured**;
    (b) the time, place and details of the accident; and
    (c) the names and addresses of the injured, and of any witnesses.

If any **insured** or his legal representative files suit before we make a settlement under this Coverage, he must immediately provide us with a copy of the pleadings.

If the **insured** brings an action against the owner or operator of an **underinsured motor vehicle**, he shall give to us a copy of the complaint by personal service or certified mail. All pleadings and depositions shall be made available for copying or copies furnished to us, at our expense, within a reasonable time.

### 2. ASSISTANCE AND COOPERATION OF THE INSURED

After we receive notice of a claim, we may require any **insured** to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require that **insured** to make that person or organization a defendant in any action against us.

### 3. CLAIMS NOT SETTLED WITHIN ONE YEAR OF DATE OF ACCIDENT

California law provides that any claim for uninsured/underinsured benefits provided by this policy expires one year after the accident unless one of the following actions is taken within one year from the date of the accident:

    a) suit is filed for **bodily injury** against the uninsured motorist in a court of competent jurisdiction;
    b) agreement is reached with us as to the amount due under the policy, or
    c) we are notified in writing, by certified mail, return receipt requested, that formal arbitration is demanded.

If one of these events does not occur within one year following the date of the accident, we will not be liable for any further uninsured/underinsured benefits or claims based upon injuries sustained in the accident.

### 4. PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, any **insured** or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of any **insured's** incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

### 5. PAYMENT OF LOSS

Any amount due is payable:

    (a) to any **insured** claiming benefits or his authorized representative;
    (b) if any **insured** claiming benefits is a minor, to his parent or guardian; or
    (c) if any **insured** having a claim for benefits is deceased, to his surviving spouse; otherwise
    (d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

**SECTION V - GENERAL CONDITIONS These Conditions Apply To All Coverages In This Policy.**

**1.  TERRITORY**

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

**2.  PREMIUM**

When *you* dispose of, acquire ownership of, or replace a *private passenger, farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

**3.  CHANGES**

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium.  If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file.  *You* agree:

   (a)  that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.

   (b)  that *you* will cooperate with us in determining if this information is correct and complete.

   (c)  that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

**4.  ASSIGNMENT**

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover *your* surviving spouse if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

   (a)  the executor or administrator of *your* estate, but only while operating an *owned auto* and only while acting within the scope of his duties;

   (b)  any person having proper custody of and operating an *owned auto,* as an *insured,* until the appointment and qualification of the executor or administrator of *your* estate.

**5.  POLICY PERIOD**

Unless otherwise cancelled, this policy will expire as shown in the declarations.  But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date.  Each period will begin and expire at 12:01 A.M. standard time at *your* address stated in the declarations.

**6.  CANCELLATION BY THE *INSURED***

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, *you* may be entitled to a premium refund.  The premium refund, if any, will be computed according to our manuals.

**7.  CANCELLATION BY US**

We may cancel this policy by mailing to *you,* at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

   (a)  10 days in advance if the proposed cancellation is for nonpayment of premium or any of its installments when due;

   (b)  10 days in advance if the policy has been in effect less than 60 days at the time notice is mailed and is not a renewal;

   (c)  20 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice.  The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund.  The premium refund, if any, will be computed according to our manuals.

Payment or tender of unearned premium is not a condition of cancellation.

**8.  CANCELLATION BY US IS LIMITED**

We will not cancel this policy except for any of the following reasons:

   (a)  *You* do not pay the initial or any additional premium for this policy or fail to pay any premium installment when due to us or our agent;

   (b)  Fraud or material misrepresentation made by an *insured* in obtaining the policy, continuing the policy or in presenting a claim under the policy.

   (c)  A substantial increase in the hazard insured against.

## 9. RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 30 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following exist:

a) *You* do not pay any premium as we require to renew this policy.

b) *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.

c) *You* do not accept our offer to renew.

We will only nonrenew this policy if one of the reasons listed in Condition 8., "Cancellation By Us is Limited", exists.

If we fail to send *you* notice of refusal to renew at the appropriate time, *your* policy will remain in effect for 30 days from the date that the proper notice is mailed.

## 10. OTHER INSURANCE

If other insurance is obtained on *your* insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

## 11. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of an *owned auto*, any coverage provided by this policy will terminate on the date *you* do so.

## 12. DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

## 13. DECLARATIONS

By accepting this policy, *you* agree that:

(a) the statements in *your* application and in the declarations are *your* agreements and representations;

(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

## 14. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time application is made; or

(b) at any time during the policy period; or

(c) in connection with the presentation or settlement of a claim.

## 15. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

## 16. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of California are amended to conform to those statutes.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

**1.   Special Endorsement - United States Government Employees**

**A.**   Under the Property Damage Coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

   1.   motor vehicles owned or leased by the United States Government or any of its agencies, or
   2.   rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government.  Subject to the limits described in paragraph B below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

**B.**   The following limits apply to this Coverage:

   1.   A $100 deductible applies to each occurrence.
   2.   For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

   a.   The *actual cash value* of the property at the time of the occurrence; or
   b.   The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
   c.   Two months basic pay of the *insured*; or
   d.   The limit of Property Damage liability coverage stated in the declarations.

   3.   For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

   a.   The *actual cash value* of the property at the time of the occurrence; or
   b.   The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
   c.   The limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

W.C.E. Robinson
Secretary

O. M. Nicely
President

HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799

## DECLARATION OF PROPER VENUE BY POONAM SUBBAIAH

I, Poonam Subbaiah, declare as follows:

1. I am a Plaintiff in this action, and I am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code § 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in _____ Torrance _____, California on _ June, 26 _, 2019.

_____
Poonam Subbaiah

15

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Michael Louis Kelly-SBN 82063 / Joshua A. Fields-SBN 242938
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway, Redondo Beach, CA 90277

TELEPHONE NO.: (310) 536-1000     FAX NO.: (310) 536-1001
ATTORNEY FOR *(Name)*: Plaintiff Poonam Subbaiah

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUL 03 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

CASE NAME:
SUBBAIAH v. GEICO GENERAL INSURANCE COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited | ☐ Counter ☐ Joinder | **19STCV23085** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Six
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 28, 2019
Michael Louis Kelly/Joshua A. Fields
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: SUBBAIAH v. GEICO GENERAL INSURANCE COMPANY, et al. | CASE NUMBER 19STCV23085 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

SHORT TITLE: SUBBAIAH v. GEICO GENERAL INSURANCE COMPANY, et al.   | CASE NUMBER

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: SUBBAIAH v. GEICO GENERAL INSURANCE COMPANY, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: SUBBAIAH v. GEICO GENERAL INSURANCE COMPANY, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 25935 Rolling Hills |
|---|---|

| CITY: Torrance | STATE: CA | ZIP CODE: 90505 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk - Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 28, 2019 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/03/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV23085 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

|   | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Ann I. Jones | 11 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

**Sherri R. Carter, Executive Officer / Clerk of Court**

on 07/03/2019
  (Date)

By Steve Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION — EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

   (INSERT DATE)       (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ＞ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER. |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221



## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

